IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY E. CUNNINGHAM; et al.,

    Plaintiffs,                               No. CIV S-11-1425 KJM-DAD

    vs.

RBC MORTGAGE CO.; et al.,

    Defendants.                            <u>ORDER</u>

                                     /

         This matter comes before the court on defendant JPMorgan Chase Bank, N.A.'s motion to dismiss. (ECF 7.) This matter was decided without a hearing. For the following reasons, defendant's motion is granted.

I.   <u>FACTS AND PROCEDURAL HISTORY</u>

         On December 17, 2003, plaintiffs entered into a deed of trust, which established them as borrowers, RBC Mortgage Company ("RBC") as lender, Placer Title Company ("Placer") as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender. (Def.'s Req. for Judicial Notice, Ex. A, ECF 8-1.)[1] The deed of trust states "[t]he

---

[1] Defendant requests that judicial notice be taken of the deed of trust executed by plaintiffs with respect to the real property located at 3180 Glenwood Court, Meadow Vista, California 95722 recorded on December 23, 2003, the assignment of deed of trust from MERS to defendant recorded on May 18, 2011, the substitution of trustee from Placer Title Company to

beneficiary of this Security Instrument is MERS . . . and the successors and assigns of MERS." (*Id.* at 2.) It further states, "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or customs, MERS . . . has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ." (*Id.* at 3.) On May 18, 2011, an assignment of deed of trust was recorded, whereby MERS assigned all beneficial interest under the deed of trust to defendant. (Def.'s Req. for Judicial Notice, Ex. B, ECF 8-1.) Also on May 18, 2011, defendant recorded a substitution of trustee, whereby it substituted California Reconveyance Company ("CRC") as trustee in its place. (Def.'s Req. for Judicial Notice, Ex. C, ECF 8-1.) The same day, CRC recorded a notice of default. (Def.'s Req. for Judicial Notice, Ex. D, ECF 8-1.)

Plaintiffs filed their complaint on May 25, 2011, pleading four claims for relief: 1) declaratory judgment against defendants; 2) negligent misrepresentation against JP Morgan Chase, erroneously sued as Chase Home Finance LLC; 3) quiet title against defendants; and 4) breach of covenant of good faith and fair dealing against defendants.

/////
/////
/////
/////
/////
/////

---

California Reconveyance Company by defendant, and the notice of default and election to sell under deed of trust recorded on May 18, 2011. This request is granted. The court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005). Moreover, "[d]ocuments not physically attached to the pleading[] may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Defendant filed the present motion to dismiss on July 21, 2011.  (ECF 7.)  Plaintiffs filed their opposition[2] on September 2, 2011.  (ECF 11.)  Defendant filed its reply on September 9, 2011.  (ECF 12.)

II. <u>ANALYSIS</u>

    A.    Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[2] Plaintiffs have not complied with the undersigned's standing order placing a limit of twenty (20) pages on oppositions.  (ECF 4-1.)  Counsel is directed to strictly comply with the Federal Rules of Civil Procedure, Local Rules, and the court's standing order in the future.  Counsel is cautioned that failure to obtain the court's permission prior to filing documents in excess of court-mandated page limits is sanctionable in accordance with Local Rule 110 and can result in an order striking documents with leave to refile compliant documents or in the court's disregarding all excess pages.

Moreover, plaintiffs' opposition is untimely.  Defendant accordingly asks the court to strike it.  (Reply at 1.)  The court notes that its "caseload is substantial and judicial resources are limited, and the court should not be tasked with resolving a case in which [a party] intentionally and casually breaches court rules." *Whitsitt v. Vinotheque Wine Cellars*, No. CIV S-06-2076 FCD GGH PS, 2007 U.S. Dist. LEXIS 59997, at *4 (E.D. Cal. Aug. 7, 2007).  Nevertheless, given the priority it places on resolving cases on their merits and the lack of prejudice to defendant, the court has considered plaintiffs' opposition and denies defendant's request to strike.

of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

B. Application

1. Negligent Misrepresentation

Defendant contends plaintiffs' claim for negligent misrepresentation fails to satisfy the requirements of Federal Rule of Civil Procedure 9(b), as plaintiffs have not pled the contents of the alleged representations, the speaker and his or her authority to speak, when the alleged representations were made, or in what manner the alleged representations were false or misleading. (Mot. at 12-13.) Defendant also contends plaintiffs' claim for negligent misrepresentation fails because plaintiffs have failed to establish that defendant owes plaintiffs

any duty and plaintiffs have not alleged they suffered an injury. (*Id.* at 13-15.) Defendant contends that while plaintiffs face foreclosure, this is due to their failure to pay their contractually due obligations, not because of any alleged misrepresentations. (*Id.* at 15.)

Plaintiffs contend that defendant has refused to provide them with basic information about the identity of the owner of their loan, defendant's employees gave plaintiffs advice constituting a personal financial consultation thereby creating a fiduciary duty, and plaintiffs have lost time and effort, suffered a lower credit rating and increased stress and uncertainty, and will face foreclosure. (Opp'n at 25-27.)

In California, a claim of negligent misrepresentation has four elements: (1) misrepresentation; (2) knowledge of falsity; (3) justifiable reliance; and (4) resulting damages. *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 86 (2004). "'It is well established in the Ninth Circuit that . . . claims for . . . negligent misrepresentation must meet Rule 9(b)'s particularity requirement.'" *Adesokan v. U.S. Bank, N.A.*, No. 1:11-cv-1236-LJO-SKO, 2012 U.S. Dist. LEXIS 15192, at *12 (E.D. Cal. Feb. 7, 2012) (quoting *Neilson v. Union Bank of Cal., NA*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003)). "Rule 9(b) 'requires more specificity [than Rule 8], including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Id.* at *13 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)). A fraud claim against a corporation must provide information about the person who made the representations challenged as fraudulent, and his or her authority to speak. *Dooms v. Fed. Home Loan Mortg. Corp.*, No. CV F 11-0352 LJO DLB, 2011 U.S. Dist. LEXIS 38550, at *33 (E.D. Cal. 2011).

Plaintiffs have failed to set forth sufficient factual allegations to survive a motion to dismiss their negligent misrepresentation claim. Rule 9(b) "requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. While mere conclusory allegations of fraud will not suffice, statements of time, place and nature of the alleged fraudulent activities will." *Bosse v. Cromwell Collier & MacMillan*,

5

565 F.2d 602, 611 (9th Cir. 1977) (internal citations omitted).  "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation omitted).  Plaintiffs have alleged only that they contacted defendant to request a loan modification and were unable to obtain one.  (Compl. ¶¶ 89-107.)  They have not alleged any misrepresentation with any particularity; rather, the complaint "lacks precise allegations as to what the moving defendants, through specifically identified and authorized agents or representatives, allegedly promised or represented [and] facts to support fraud elements let alone the who, what, when, [where] and how of alleged misconduct." *Dooms*, 2011 U.S. Dist. LEXIS 38550, at *34.  Rather, plaintiffs' "complaint relies on mere notions of false advice and promises regarding . . . loan modification," which are insufficient to state a claim for negligent misrepresentation.  *Id.* at *35.

Plaintiffs' claim for negligent misrepresentation is dismissed without prejudice.

2.  Quiet Title

Plaintiffs allege that title in the property at issue should be quieted in their favor because they have a greater interest in and title to the property than defendants and the ability to pay the outstanding debt.  (Compl. ¶¶ 136-37.)

Defendant contends that plaintiffs' claim to quiet title fails because plaintiffs have failed to allege their title and the basis for that title, the adverse claims to their title, the date as of which the determination is sought, or a prayer for the determination of their title against adverse claims.  (Mot. at 15-16.)  In addition, defendant contends that plaintiffs cannot maintain this action because they have not alleged tender of the secured indebtedness and that their statement of ability to pay is insufficient to qualify as tender.  (*Id.* at 16.)

Plaintiffs contend that the tender rule is inapplicable and in any event is discretionary, and also that they have adequately asserted their ownership of the property and described the claims adverse to their title.  (Opp'n at 27-28.)

/////

6

Tender of the indebtedness is required to quiet title in California. *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Adesokan*, 2012 U.S. Dist. LEXIS 15192, at *10 ("'It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured.'" (quoting *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934))). Plaintiffs have not tendered the amount owed on the loan at issue. Plaintiffs' allegation that they "have the ability to pay the outstanding debt on the Subject Property should the proper party be determined" (Compl. ¶ 137) does not save plaintiffs' claim, especially in light of the fact that they are behind on their payments. (Def.'s Req. for Judicial Notice, Ex. 4.) "The rules which govern tenders are strict and are strictly applied. The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Macris v. Bank of America, N.A.*, No. CV-F-11-1986 LJO/SKO, 2012 U.S. Dist. LEXIS 10633, at *12-13 (E.D. Cal. Jan. 30, 2012) (internal citations and quotations omitted). Moreover, plaintiffs misread *Del Valle v. Mortgage Bank of California*, No. CV-F-09-1316 OWW/DLB, 2009 U.S. Dist. LEXIS 105898 (E.D. Cal. Nov. 10, 2009), in relying on it for their proposition that it is within the court's discretion to choose to apply California's tender rule. (Opp'n at 10, 27.) Rather, in *Del Valle*, the court granted the defendants' motion to dismiss and ordered plaintiffs to plead "that they have the present ability to tender the loan payments." 2009 U.S. Dist. LEXIS 105898, at *21. The quote plaintiffs cite is introduced after the court cites to a string of cases holding otherwise as a "but see" citation. *Id.* at 16-17. Moreover, *Del Valle* concerned the Truth in Lending Act, which is not a cause of action in the present case. Likewise, plaintiffs' contention that the tender rule is inapplicable is without merit. (Opp'n at 13.) As previously stated, the requirement of tender in quiet title actions is well-settled.

Moreover, "[a] quiet title claim requires an allegation that the plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of

7

Trust.'" *Adesokan*, 2012 U.S. Dist. LEXIS 15192, at \*10 (quoting *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009)). Plaintiffs allege only that their interest is greater than defendants' (Compl. ¶ 136), not that they are "the rightful owner[s] of the property with satisfaction of the deed of trust obligations . . . ." *Adesokan*, 2012 U.S. Dist. LEXIS 15192, at \*10 (emphasis omitted). Likewise, plaintiffs fail to allege that defendants have an interest in the property adverse to their own; "[a] security interest in a deed of trust is not an adverse claim to a plaintiff's property." *Tang v. Bank of Am., N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 U.S. Dist. LEXIS 38642, at \*45 (C.D. Cal. Mar. 19, 2012).

Plaintiffs fail to state a claim to quiet title and this claim is dismissed without prejudice.

### 3. Breach of the Covenant of Good Faith and Fair Dealing

Defendant contends plaintiffs' claim for breach of the covenant of good faith and fair dealing fails because plaintiffs have failed to allege the requisite fiduciary relationship and that this controversy concerns more than an ordinary loan. (Mot. at 17.) In addition, defendant contends that the initiation of foreclosure cannot be the basis for a claim of breach of the covenant of good faith and fair dealing. (Mot. at 17.)

Plaintiffs contend that this claim is valid because, if there is a contract between them and defendant, defendant has "deprived them of the fruits of the Note and Deed of Trust by breaching the implied covenant of good faith and fair dealing in a variety of ways." (Opp'n at 29.) Plaintiffs allege defendant did so by:[3] "a. Making misrepresentations and material

---

[3] Plaintiffs also allege their belief that doe defendants breached this covenant. (Compl. ¶ 147.) The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause,

misrepresentations to the Plaintiffs concerning the status of their Note and the their [sic] ability to modify the terms of their Note; b. Failing to present evidence, upon Plaintiffs' numerous pre-litigation written and verbal requests . . . regarding the unidentified and/or misrepresented current foreclosor's [sic] authority; and c. Failing to provide proof that it was (or is) the true holder of the Note or that it was the authorized agent of the investors in the MBS for purposes of foreclosing the Note." (Compl. ¶ 146.)

To state a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege: "(1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 U.S. Dist. LEXIS 60447, at *29-30 (N.D. Cal. Jun. 6, 2011). "'[T]he implied covenant [of good faith and fair dealing] operates to protect the express covenants or promises of [a] contract. In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which . . . frustrates the other party's rights to the benefits of the contract.'" *McGill v. Wachovia Mortg., FSB Loan*, No. 2:09-cv-2002 FCD/GGH, 2010 U.S. Dist. LEXIS 43393, at *30-31 (E.D. Cal. Mar. 4, 2010) (quoting *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 784, 806 (2008)).

Plaintiffs fail to state a claim for breach of the covenant of good faith and fair dealing. An overarching deficiency of plaintiffs' pleading is that they nowhere allege that defendants' conduct, which presumably constitutes the breach, served to interfere with their right to receive the benefits of the contract. *See Champlaie v. BAC Home Loans Servicing, LP*, 706 F.

---

is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

Supp. 2d 1029, 1064 (E.D. Cal. 2009) ("[A] claim for breach of the duty of good faith is a claim that a defendant deprived plaintiff of benefits reasonably expected by the parties under the contract . . . ."). In addition, they do not allege that they performed fully or substantially in accordance with the terms of the contract. Plaintiffs also fail to allege that their relationship with defendant was anything more than that of a lender and borrower, thereby precluding a tort remedy for breach of the covenant. *Melegrito*, 2011 U.S. Dist. LEXIS 60447, at *31. Although plaintiffs contend that their relationship was similar to that of an insured and an insurer (Opp'n at 30), they do not plead such characteristics in the complaint; moreover, their allegations are unavailing and the court finds it unnecessary to address them in detail.[4] Moreover, nowhere do plaintiffs allege that ordinary contract damages are not adequate. *See id.* at *32.

Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed without prejudice.

4.      Declaratory Judgment

Plaintiffs ask the court to declare that: "because Chase is merely a custodian for investors of the MBS [– mortgage-backed securities], Chase may not foreclose without demonstrating an express agency to do so on behalf of the investors of the MBS;" "the purported Lender and Servicer are not entitled to the Subject Property, which is security for the true holder of the Note–the investors in the MBS, upon information and belief [and the] purported Lender and Servicer parted with no money and they are entitled to collect none;" "John Doe I does not have the right, on behalf of itself or on behalf of the other defendants, to accelerate the Note, declare or notice a default, or foreclose on the Subject Property;" and "Defendants . . . have no right to foreclose on their own behalf . . . ." (Compl. ¶¶ 119-122.)

Defendant, referencing California law governing declaratory judgments, contends that plaintiffs fail to state a claim for declaratory judgment because the rights plaintiffs seek to

---

[4] For example, plaintiffs contend that there was a non-profit motivation for the contract; this is patently inconsistent with the nature of a mortgage contract.

1 have determined will be determined by plaintiffs' other claims. (Mot. at 11.) Plaintiffs contend
2 that their claim is proper because they are seeking a declaration from this court with respect to
3 their and defendants' rights to the property. (Opp'n at 24.)

4         The Declaratory Judgment Act, 28 U.S.C. § 2201, provides: "In a case of actual
5 controversy within its jurisdiction . . . any court of the United States . . . may declare the rights
6 and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C.
7 § 2201(a). "The Declaratory Judgment Act [is] a procedural statute and does not provide an
8 independent theory for recovery." *Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW
9 (VBKx), 2012 U.S. Dist. LEXIS 3865, at *19 (C.D. Cal. Jan. 5, 2012) (citing *Team Enterprises,*
10 *LLC v. Western Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010)).[5] "A litigant
11 seeking relief under the Declaratory Judgment Act must show there is a real and substantial
12 controversy remediable by specific relief." *Brown v. U.S. Bancorp*, CV 11-6125 CAS (PJWx),
13 2012 U.S. Dist. LEXIS 26226, at *7 (C.D. Cal. Feb. 27, 2012). "The 'actual controversy'
14 requirement of the Declaratory Judgment Act is the same as the 'case or controversy'
15 requirement of Article III of the United States Constitution." *Cortez v. New Century Mortg.*
16 *Corp.*, No. C 11-1019 CW, 2012 U.S. Dist. LEXIS 13469, at *27 (N.D. Cal. Feb. 3, 2012) (citing
17 *Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1993)). "[A] two-part test is used to
18 determine whether jurisdiction over a claim for declaratory judgment is appropriate. First, the
19 court must determine if an actual case or controversy exists within its jurisdiction. Second, if so,
20 the court must decide whether to exercise its jurisdiction." *Id.* (citing *Principal Life Ins. Co. v.*
21 *Robinson*, 394 F.3d 665, 669 (9th Cir. 2005)). "[T]he question in each case is whether the facts
22 alleged, under all the circumstances, show that there is a substantial controversy, between parties

---

[5] As declaratory relief is a procedural remedy and this court's jurisdiction over this matter is based on diversity, although plaintiffs' complaint also refers to Cal. Code Civ. P. §§ 1060-1062.5 governing declaratory judgments, federal law governs this request. *See Liberty Mut. Ins. Co. v. UPA Cal.*, No. C08-0611 BZ, 2009 U.S. Dist. LEXIS 12762, at *10 (N.D. Cal. Feb. 19, 2009).

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Plaintiffs have not alleged that there is an actual controversy such that declaratory relief is warranted. Plaintiffs contend only that defendants "will seek affirmative relief by trying to foreclose on the Plaintiffs' Property non-judicially" and that defendants "have marched to a trustee's sale without right." (Compl. ¶¶ 110, 117.) "Under California law, a plaintiff has no right to bring suit to determine whether an entity initiating foreclosure is authorized to do so." *Brown*, 2012 U.S. Dist. LEXIS 26226, at *8 (citing *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154-55 (2011)); *see also Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011). Moreover, "[t]he failure of the [complaint] as a whole demonstrates the absence of an actual controversy subject to declaratory relief. In the absence of a viable claim, [the complaint] fails to support a request for declaratory relief." *Adesokan*, 2012 U.S. Dist. LEXIS 15192, at *18; *see also Cortez v. New Century Mortg. Corp.*, No. C 11-1019 CW, 2012 U.S. Dist. LEXIS 13469, at *27 (N.D. Cal. Feb. 3, 2012).

Accordingly, plaintiffs are not entitled to declaratory relief.

III. CONCLUSION

For the foregoing reasons, defendant's motion is granted and plaintiffs' complaint is dismissed without prejudice. Plaintiffs may file an amended complaint that takes into account the contents of this order, and subject to Federal Rule of Civil Procedure 11, within twenty-one (21) days of the entry of this order.

IT IS SO ORDERED.

DATED: March 27, 2012.

UNITED STATES DISTRICT JUDGE